United States Court of Appeals

For the Eighth Circuit

_____

No. 13-1689
_____

United States of America

*Plaintiff - Appellee*

v.

Bruce Edward Humphrey

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 17, 2014
Filed: June 5, 2014

_____

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges.

_____

LOKEN, Circuit Judge.

     Police found a handgun and cocaine base in Bruce Humphrey's car. A jury convicted him of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court applied a four-level enhancement for possession of the firearm in connection with a felony drug offense, see U.S.S.G. § 2K2.1(b)(6)(B), and sentenced Humphrey to 92 months in prison, the bottom of his advisory guidelines

range. Humphrey appeals, arguing the district court[1] erred when it denied his pretrial motion to suppress; denied his motion to continue the trial until an important defense witness returned to town; applied the four-level enhancement; and imposed an unconstitutional sentence. Having jurisdiction over the appeal, we affirm.

## I. The Suppression Issue

After an evidentiary hearing, Magistrate Judge Baker made the following findings, later adopted by the district court and not disputed on appeal. In August 2011, St. Louis police began investigating a burglary and gunfire at an apartment apparently rented by Humphrey, followed by a homicide in which Humphrey was arrested as a suspect and then released, and by reports the homicide victim's associates had put out a "hit" on Humphrey. On February 29, 2012, Detective Curtis Burgdorf, assigned to gather intelligence on Humphrey, saw Humphrey's 1994 purple Lexus and asked other detectives, including Detective Nicholas Martorano, for help in conducting covert surveillance of the car. Driving three unmarked vehicles, detectives followed Humphrey's car as it stopped at a school, where they saw its occupants were two women and a child. The occupants then traveled to a residence, parked the car, and went inside. After a few minutes, a man the police recognized as Humphrey came out of the home and drove away. The detectives followed.

Burgdorf observed Humphrey pull into a parking lot near a bank. Martorano, whose car had been slowed by traffic, entered the lot from a different direction. The two cars soon faced each other at a four-way stop in the parking lot. Martorano turned left in front of Humphrey and drove to the back of the bank. Burgdorf saw Humphrey drive through the intersection, as if to leave the lot, then turn abruptly and

---

[1] The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri. In denying Humphrey's suppression motion, Judge Jackson adopted the Report and Recommendation of the Honorable Nannette A. Baker, United States Magistrate Judge for the Eastern District of Missouri.

Appellate Case: 13-1689    Page: 2    Date Filed: 06/05/2014 Entry ID: 4161376

stop in front of the bank building. Concluding that Humphrey realized he was being followed, Burgdorf called off the surveillance, telling Martorano to disengage. Martorano drove from behind the bank and entered the four-lane street bordering the parking lot. Humphrey followed Martorano. Burgdorf followed Humphrey.

All three cars traveled in the right lane until that lane was stopped by traffic. With Martorano's car stopped, Humphrey pulled out into the free-flowing left lane, drove forward until he was next to Martorano's car, and stopped despite a clear lane in front of him. Burgdorf followed Humphrey into the left lane and stopped behind him. Though Humphrey's car had heavily tinted windows, the headlights of oncoming traffic permitted Burgdorf to see Humphrey raise his right arm parallel to the ground and point it in the direction of Martorano. Alarmed, Burgdorf told Martorano to pull into a strip mall parking lot to his right.

Martorano immediately pulled into the lot's east entrance. Humphrey drove forward, cut through traffic in the right lane, pulled into the lot's west entrance, and drove straight to Martorano's car until the two vehicles faced each other a few feet apart. Fearing a violent confrontation, Burgdorf followed Humphrey into the lot and pulled behind Humphrey's car, boxing it in. Burgdorf and his partner activated police lights and siren, exited their car with guns drawn, identified themselves as police, and approached Humphrey's vehicle. Humphrey rolled down his window and told the detectives he had not realized they were police officers and thought they were trying to rob or kill him.[2]

---

[2]At trial, Humphrey's live-in girlfriend testified that she and a friend were the car's occupants when they picked up the child. She concluded they were being followed by the police because of Humphrey's well-known car. She called Humphrey, told him police were following the car, and asked him to meet and exchange cars, which he did. Humphrey testified at trial, "I knew there was police in the cars." He denied there was a gun or drugs in the car when it was searched.

Appellate Case: 13-1689     Page: 3     Date Filed: 06/05/2014 Entry ID: 4161376

Burgdorf approached the car and shined his flashlight at Humphrey. When Burgdorf saw a handgun resting on Humphrey's knee, he ordered Humphrey, a known felon, out of the car to arrest him. Humphrey complied after sweeping the gun to the floor of the car. Burgdorf retrieved the gun and discovered fourteen small bags of cocaine base on the car's floor. After the arrest, Burgdorf warned Humphrey of his Miranda rights. Humphrey said the gun was not his. Before trial, he moved to suppress the gun, the drugs, and his statements, arguing, as he does on appeal, that the police violated the Fourth Amendment when they initially detained his car in the strip mall parking lot because they lacked "reasonable suspicion that its occupants [were] involved in criminal activity." United States v. Noonan, 745 F.3d 934, 935 (8th Cir. 2014) (quotation omitted). We review this issue *de novo*, evaluating "the totality of the circumstances . . . to see whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing." United States v. Arvizu, 534 U.S. 266, 273 (2002) (quotation omitted). "[F]actors that individually may be consistent with innocent behavior, when taken together, can give rise to reasonable suspicion, even though some persons exhibiting those factors will be innocent." United States v. Stewart, 631 F.3d 453, 457 (8th Cir. 2011).

We agree with the district court "that the initial seizure of [Humphrey] in the strip mall parking lot was based on reasonable suspicion of criminal activity." The officers were investigating Humphrey's possible connection to recent violent crimes. When Burgdorf broke off surveillance because Humphrey knew he was being followed, Humphrey became the pursuer, following Martorano's car into the parking lot and positioning his car close to and facing Martorano's. Knowing of Humphrey's past convictions for violent conduct and a firearms offense, Burgdorf had reasonable suspicion of an imminent, unlawful assault on Martorano, which justified a Terry stop. See United States v. Hightower, 716 F.3d 1117, 1120 (8th Cir. 2013); United States v. Phillips, 664 F.2d 971, 1022 (5th Cir. 1981), cert. denied, 457 U.S. 1136 and 459 U.S. 906 (1982).

-4-

## II. The Continuance Issue

On November 30, 2012, with trial scheduled to begin on Monday, December 3, Humphrey filed a Motion To Continue Trial Date. The motion explained that defense counsel had finally located "K.T.," a person who witnessed the search of Humphrey's car and who "informed counsel that he is willing to be subpoenaed to testify but he will be out of town Monday December 3rd to Friday December 7th and thus unavailable for the scheduled trial."

The court took up this motion at a pretrial hearing on December 3. Defense counsel explained that K.T. (Kevin Tyler) would testify that he did not see the detectives retrieve a gun when they searched Humphrey's car. Though counsel had been unable to subpoena another eyewitness to the car search, Tyler had said he was willing to be subpoenaed and to testify when he returned to town. The district court noted that trial was previously continued to accommodate another defense witness and that the court's calendar would prevent rescheduling for some time. Rather than grant a continuance, the court ruled that trial would proceed as scheduled; however, if the testimony of prosecution and defense witnesses was completed before the end of the week, "we will suspend the trial and start up again when KT returns. If that means Monday [December 10], fine. . . . I can't think of any reason that he would not be available to testify on Monday." Humphrey did not object to this ruling.

Trial was recessed on December 4 and resumed on December 10, consistent with the court's ruling. Humphrey was the last defense witness. After the jury began its deliberations, the court asked why the defense had not called Tyler as a witness. Defense counsel explained that Tyler "did not want to come to court" and "had important business to take care of" that day. Defense counsel's efforts to serve Tyler with a subpoena had failed.

-5-

Appellate Case: 13-1689     Page: 5     Date Filed: 06/05/2014 Entry ID: 4161376

On appeal, Humphrey argues the district court abused its discretion when it denied a continuance that would have given him sufficient time to subpoena Tyler, an important witness for the defense. Although the district court did not grant a "continuance" on December 3, it gave Humphrey exactly what defense counsel requested by keeping the trial open until the following Monday, when Tyler was expected to be back in town and available to testify. We note that after three defense witnesses testified on December 4, defense counsel advised, "That's all we have today." The prosecutor interjected:

> MR. MEHAN: It's my understanding that . . . it's only Kevin Tyler on Monday [December 10]. He doesn't get another four days to find more witnesses.
>
> THE COURT: Right. The only reason I was carrying this over to Monday is to accommodate Mr. Tyler.
>
> [DEFENSE COUNSEL]: Right. *That's all that I asked.*

(Emphasis added.) The court then recessed the trial until December 10. Thus, when the defense rested on December 10 without requesting additional time to subpoena Tyler, the district court had denied no relief, leaving no issue to appeal. See La Feber v. United States, 59 F.2d 588, 590 (8th Cir. 1932). There was no abuse of the district court's "broad discretion when ruling on requests for continuances." United States v. Chahia, 544 F.3d 890, 896-97 (8th Cir. 2008) (quotation omitted).

### III. Sentencing Issues

**A. The § 2K2.1(b)(6) Enhancement.** Humphrey's Presentence Investigation Report ("PSR") stated that Detective Burgdorf discovered 2.41 grams of cocaine base on the floor of Humphrey's car, where the firearm was found, and recommended that the court impose a four-level sentence enhancement because Humphrey's firearm

-6-

Appellate Case: 13-1689    Page: 6    Date Filed: 06/05/2014 Entry ID: 4161376

"facilitated or had the potential to facilitate the possession of cocaine base." See U.S.S.G. § 2K2.1, comment. (n.14), explaining when the "in connection with" element of § 2K2.1(b)(6)(B) is satisfied. At the start of the sentencing hearing, the district court stated: "There were no objections to the [PSR], so the Court will adopt the factual statements of the report as its findings of fact." The court applied the four-level enhancement, determined an advisory guidelines range of 92 to 115 months in prison, denied Humphrey's motion for a downward departure, and after considering the 18 U.S.C. § 3553(a) sentencing factors sentenced Humphrey to 92 months.

On appeal, Humphrey argues the district court erred when it imposed the § 2K2.1(b)(6) enhancement without making a finding that the firearm facilitated the drug offense, as we require when the felony drug offense is unlawful possession rather than drug "trafficking." See, e.g., United States v. Fuentes Torres, 529 F.3d 825, 827 & n.2 (8th Cir. 2008); U.S.S.G. § 2K2.1, comment. (n.14(A) & (B)). This contention is without merit. The "in connection with" element of § 2K2.1(b)(6)(B) is a finding of fact we review for clear error. United States v. Bates, 614 F.3d 490, 493 (8th Cir. 2010). "[U]nless a defendant objects to a specific factual allegation contained in the PSR, the court may accept that fact as true for sentencing purposes." United States v. Arrieta-Buendia, 372 F.3d 953, 955 (8th Cir. 2004) (quotation omitted), cert. denied, 543 U.S. 1057 (2005). As Humphrey's PSR included the express "facilitation" finding our cases require, "failure to object to the PSR's factual characterization of his conduct is dispositive." Id. (quotation omitted). We reject Humphrey's contention that his complaint to the district court at sentencing -- "I still don't understand how I'm being enhanced for some drugs that I'm not being charged with" -- should be treated as the required objection. At most, this was an objection "not to the facts themselves but to the PSR's recommendation based on those facts" that did not prevent the district court from relying on the PSR's factual finding of facilitation. United States v. Moser, 168 F.3d 1130, 1132 (8th Cir. 1999). There was no clear error in imposing the four-level enhancement.

Appellate Case: 13-1689    Page: 7    Date Filed: 06/05/2014 Entry ID: 4161376

**B. The Constitutional Challenge.** Humphrey argues that his 92-month sentence for being a felon in possession of a firearm violates his Second and Eighth Amendment rights because it is four times longer than the aggregate sentences imposed for his underlying felony convictions, and violates his due process rights because it is easy for police to frame a person for the felon-in-possession crime. Because he failed to raise these constitutional issues in the district court, our review is for plain error. See United States v. Pirani, 406 F.3d 543, 549 (8th Cir.) (en banc), cert. denied, 546 U.S. 909 (2005); United States v. Jacobson, 406 F. App'x 91, 92 (8th Cir. 2011).

Humphrey cites no authority demonstrating "clear and obvious error" that would support a claim of plain error on appeal. See United States v. Pazour, 609 F.3d 950, 953-54 (8th Cir. 2010). First, the Supreme Court's recent Second Amendment decisions do not "cast doubt" on the constitutionality of felon-in-possession statutes, District of Columbia v. Heller, 554 U.S. 570, 626-27 (2008), and we have rejected constitutional challenges to 18 U.S.C. § 922(g)(1). See United States v. Joos, 638 F.3d 581, 586 (8th Cir. 2011), cert. denied, 132 S. Ct. 1159 (2012). Second, given the nature of the offense conduct and Humphrey's criminal history, his 92-month sentence is not "the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality" that violates the Eighth Amendment. United States v. Lee, 625 F.3d 1030, 1038 (8th Cir. 2010), cert. denied, 132 S. Ct. 124 (2011), quoting Ewing v. California, 538 U.S. 11, 30 (2003). Finally, as Humphrey makes no showing of government misconduct in this case, his due process argument is frivolous.

The judgment of the district court is affirmed.

_____

Appellate Case: 13-1689     Page: 8     Date Filed: 06/05/2014 Entry ID: 4161376